# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **ADRIAN SOTELO GUZMAN,** | § | |
| | § | |
| *Petitioner*, | § | |
| v. | § | |
| | § | |
| **KRISTI NOEM,** *Secretary, Department of* | § | |
| *Homeland Security*;[1] | § | |
| **TODD M. LYONS,** *Acting Director,* | § | |
| *Immigration and Customs Enforcement*; | § | **EP-26-CV-00728-DCG** |
| **DAVID EASTERWOOD,** *Acting Director,* | § | |
| *St. Paul Field Office Immigration and* | § | |
| *Customs Enforcement*; **and** | § | |
| **MARY DE ANDA-YBARRA,** *Director,* | § | |
| *El Paso Field Office, Immigration and* | § | |
| *Customs Enforcement*, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER PROVISIONALLY GRANTING
## MOTION FOR ADMISSION PRO HAC VICE

Attorney John Bruning moves to appear *pro hac vice* on behalf of Petitioner Adrian

Sotelo Guzman in the above-captioned case.[2]  In his Motion, Mr. Bruning discloses that he has

previously appeared *pro hac vice* in another case in this District (*Diaz Pacheco v. Noem*).[3]

---

[1] The Court will substitute Secretary Noem's successor as a named Respondent once her successor assumes office.  *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.  Later proceedings should be in the substituted party's name . . . .").

[2] *See Pro Hac Vice* Mot., ECF No. 2, at 1.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[3] *See id.* at 2; *see also* Order on Motion for Admission *Pro Hac Vice*, *Diaz Pacheco v. Noem*, No. 3:26-cv-00398 (W.D. Tex. Feb. 17, 2026), ECF No. 9 [hereinafter *Diaz Pacheco Pro Hac Vice* Order].

The Western District of Texas's January 6, 2014 Standing Order regarding *pro hac vice* fees states that once an "attorney not admitted to the bar of this Court" has "represent[ed] a party in any matter pending before this Court" (like Mr. Bruning has here), that attorney must comply with "the full and complete admissions requirements . . . set forth in Local Court Rule AT-1" if he "wishes to practice in this Court in subsequent matters."[4]  "In plainer terms, once an attorney has appeared *pro hac vice* in the Western District of Texas, [he] must apply to become a member of the Western District of Texas's bar if [he] wishes to appear in another case in this District."[5]

The undersigned Judge's usual practice "when an attorney files a successive motion to appear *pro hac vice* in the Western District of Texas" is not to "deny that motion outright," but rather to "grant the motion subject to the condition that the attorney:"

(1)    "applies for admission to the Court's bar by a specified date;"

(2)    "pursues that application diligently;" and

(3)    "pays the applicable *pro hac vice* application fee."[6]

The Court must deviate slightly from its usual practice here, however, because the *Diaz Pacheco* court has already ordered Mr. Bruning to apply for full admission to the Western District of

---

[4] A copy of that Standing Order is available at https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Order-Regarding-Pro-Hac-Vice-Fees.pdf.

[5] *See, e.g.*, *Cacho v. Am. Health Plans, LLC*, No. 3:23-CV-00372, 2024 WL 3041017, at *1 (W.D. Tex. Jan. 3, 2024) (Guaderrama, J.).

[6] *See, e.g.*, *id.*

Texas's bar.[7]  Mr. Bruning further attests that he submitted an application for full admission on February 9, 2026, which currently remains pending.[8]

The Court therefore **GRANTS** Mr. Bruning's "Motion for Admission *Pro Hac Vice*" (ECF No. 2) **IN PART**.

Mr. Bruning **SHALL CONTINUE PURSUING** his pending application for admission to practice before the U.S. District Court for the Western District of Texas until the Court either admits him to practice or denies his application.

Should Mr. Bruning fail to comply with that directive, the Court shall remove him as counsel of record for Petitioner in this case.

In the meantime, Mr. Bruning **MAY** represent Petitioner *pro hac vice* in this case until the Court either admits him to practice before the Western District of Texas, denies his application for admission, or removes him as counsel of record for failure to comply with this Order.

If Mr. Bruning has not already done so, he **SHALL TENDER** the $100 *pro hac vice* application fee to the Clerk of Court immediately.

**So ORDERED and SIGNED this 16th day of March 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[7] *See Diaz Pacheco Pro Hac Vice* Order at 1 ("It is further ordered that Attorney Brunning [sic] apply for admission to practice in the Western District of Texas in compliance with Local Rule for the Western District of Texas AT-1 within sixty days of the entry of this Order and diligently pursue that application until admitted to practice before this Court." (emphases omitted)).

[8] *See Pro Hac Vice* Mot. at 3.