**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ADRIAN SOTELO GUZMAN,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| **KRISTI NOEM,** Secretary, Department of | § | |
| Homeland Security;[1] | § | |
| **TODD M. LYONS,** Acting Director, | § | |
| Immigration and Customs Enforcement; | § | **EP-26-CV-00728-DCG** |
| **DAVID EASTERWOOD,** Acting Director, | § | |
| St. Paul Field Office Immigration and | § | |
| Customs Enforcement; and | § | |
| **MARY DE ANDA-YBARRA,** Director, El | § | |
| Paso Field Office, Immigration and Customs | § | |
| Enforcement, | § | |
| | § | |
| *Respondents*. | § | |
| | § | |

## ORDER TO SHOW CAUSE

Petitioner Adrian Sotelo Guzman ("Petitioner") challenges his detention pursuant to 28 U.S.C. § 2241.[2] The issues raised in the Petition require an answer from Respondents. The Court therefore **ORDERS** Respondents to show cause why the Court should not grant a writ of habeas corpus.

---

[1] The Court will substitute Secretary Noem's successor as a named Respondent once her successor assumes office. *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . resigns[] or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . The court may order substitution at any time . . . .").

[2] *See generally* Pet., ECF No. 1.

## I.      Background

Petitioner filed the instant Petition for Writ of Habeas Corpus on March 13, 2026, while in Respondents' custody at the El Paso Behavioral Health System in El Paso, Texas.[3] Petitioner challenges his detention on statutory, administrative, and constitutional grounds.[4] Petitioner asks the Court to order, *inter alia*, his immediate release.[5]

## II.     Discussion

### A.      Habeas Corpus Petition

Under 28 U.S.C. § 2241, a detainee may challenge his confinement as unlawful by filing a habeas corpus petition.[6] The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") specify what the Court must do after receiving such a petition. Although the Habeas Rules govern petitions filed under 28 U.S.C. § 2254, the Court may also apply them to petitions filed pursuant to § 2241.[7]

---

[3] *See id.* at 7.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the internal pagination of the cited document.

[4] *Id.* at 20–23.

[5] *Id.* at 23. *See also id.* (detailing full scope of relief requested by Petitioner).

[6] *See* 28 U.S.C. § 2241(c) (requiring petitioner to show that he is "in custody in violation of the Constitution or laws or treaties of the United States"); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

[7] *See* RULES GOVERNING SECTION 2254 CASES ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254"); *see also* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

*See also Perez v. Hijar*, No. 22–50904, 2023 WL 4559366, at *1 (5th Cir. July 17, 2023) ("Rule 1(b) of the rules governing § 2254 cases articulates that these rules may apply to other habeas corpus petitions as well.").

Habeas Rule 4 requires the Court to "examine" a petition and "dismiss" it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any relief."[8] If dismissal is not appropriate, the Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted."[9] Should the petition survive prescreening, "the judge *must* order the respondent[s] to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."[10] 28 U.S.C. § 2243 requires that the response "be returned within three days" or "not exceeding twenty days."[11] However, courts have "discretionary authority" to alter the "strict time limits prescribed by § 2243."[12]

Having preliminarily examined the foregoing petition, the Court concludes that (1) summary dismissal is not appropriate, and (2) an extension of the default response time is not warranted. The Court will therefore order Respondents to show cause within three days why the Court should not grant the Petition. If necessary, the Court will order a hearing or additional briefing after reviewing the parties' filings.

---

[8] *See* Habeas Rule 4; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.").

[9] 28 U.S.C. § 2243.

[10] Habeas Rule 4; *see also* 28 U.S.C. § 2243 (requiring the district court to issue the order "forthwith"); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (concluding that a district court acted "forthwith" by issuing a show cause order "just twenty-one days after [the] petition was filed").

[11] 28 U.S.C. § 2243.

[12] *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-CV-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases) (reasoning that because Congress approved the Habeas Rules in 1976 and enacted § 2243 in 1948, the former governs the district court's authority to set response deadlines).

**B.**    **Petitioner's Request to Prohibit the Government from Transferring Him Out of the Western District of Texas (Except to District of Minnesota)**

In his Petition, Petitioner also asks the Court to prohibit the Government from transferring him to any facility outside the Western District of Texas while this case is pending—*unless* that facility is within the District of Minnesota, where his attorney is located.[13]

In appropriate cases, this Court has issued orders forbidding the Government from transferring an immigration habeas petitioner to a facility outside the Western District of Texas's El Paso Division while the petitioner's habeas corpus petition is pending.[14] This Court has justified such orders as necessary to "preserve the Court's jurisdiction and ability to assess the case on its merits."[15] If the Government moved a petitioner to another jurisdiction before the Court could rule on the petition, that could potentially interfere with the Court's ability to issue an informed, carefully considered ruling on the petitioner's claims.[16]

Those same concerns warrant prohibiting the Government from transferring Petitioner to another facility outside the El Paso Division while this case is pending. But they do not justify carving out an exception for facilities in the District of Minnesota. Relocating Petitioner to a facility in Minnesota would interfere with the Court's ability to rule on Petitioner's claims just as much as a transfer to a facility in any other state.

---

[13] *See* Pet. at 23–24.

[14] *See, e.g.*, Order to Show Cause at 4–5, *Chavarria Martinez v. Noem*, No. 3:26-cv-00667 (W.D. Tex. Mar. 9, 2026), ECF No. 3.

[15] *See, e.g.*, *id.* at 5.

[16] *See, e.g.*, *id.* at 4–5 ("This authority is particularly relevant in the immigration habeas context, where petitioners seeking relief from detention may be transferred or removed before their cases are fully considered.").

Thus, the Court will grant Petitioner's request, but only in part. The Court will forbid the Government from transferring Petitioner to *any* facility outside the Western District of Texas's El Paso Division while this case is pending—*even if* that transferee facility is within the District of Minnesota's geographic boundaries.

## III.   Conclusion

For the foregoing reasons, the Court **ORDERS** Respondents to file a response to the "Petition for Writ of Habeas Corpus" (ECF No. 1) by no later than **March 25, 2026**. This response must identify each factual allegation contained in the Petition that Respondents dispute. Petitioner may file a reply within three days after Respondents serve their response.[17] If necessary, the Court will order a hearing or additional briefing upon review of the pleadings.

The Court further **ORDERS** that Respondents **SHALL NOT** transfer Petitioner to *any* facility outside the boundaries of the El Paso Division of the Western District of Texas—*including* (but not limited to) any facility within the District of Minnesota—until the Court orders otherwise or this case is closed.

The Court further **ORDERS** the parties to inform the Court if (1) an order of removal is entered against Petitioner while this case is pending; and (2) if the order of removal becomes final.[18]

---

[17] *See generally* FED. R. CIV. P. 6(a) (providing methods for computing time).

[18] *See* 8 C.F.R. § 1241.1 (explaining how "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final").

The District Clerk shall **SERVE** copies of the "Petition for Writ of Habeas Corpus" (ECF No. 1) and this Order upon Respondents **and** the United States Attorney in El Paso, Texas.[19]

**So ORDERED and SIGNED this 20th day of March 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[19] *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] and on the attorney general or other appropriate officer of the state involved.").